# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CLARENCE ROBERTSON

CIVIL ACTION

VERSUS

CORVAL CONSTRUCTORS, INC.                NO. 13-639-SDD-RLB

## **WRITTEN REASONS**

This matter is before the Court on a *Motion for Summary Judgment* filed by Defendant, Corval Constructors, Inc. ("Corval").[1] Plaintiff Clarence Robertson has filed an *Opposition*,[2] to which Defendant has filed a *Reply Brief*.[3]

**I.   BACKGROUND**

Robertson filed this lawsuit against his former employer, Corval, for terminating him allegedly because he was regarded as disabled due to seizures he experienced at work. Corval operates as an industrial general contractor in the energy, oil/gas, and food/beverage industries.[4] Corval employed an average of 15 rotating pipe workers/welders in its fabrication shop in Baton Rouge, where the plaintiff was employed as a welder.

Robertson began working for Corval as an arc welder in September of 2008 and continued to work in this capacity until June 27, 2011 when he was laid off for a lack of work. Corval subsequently re-hired Robertson on August 29, 2011, when additional work was secured. As a welder, Robertson prepared welds using power grinders, cutting torches, miscellaneous hand tools, an electrical welding machine with a three-

---

[1] Rec. Doc. 20.
[2] Rec. Doc. 22.
[3] Rec. Doc. 23.
[4] In Baton Rouge, Corval performed fabrication work under the business name of Lawdan Industries, however the employer will be referred to as Corval herein.

26277                                                        1

phase 440 volt power source, and power brushes.[5] Additionally, Robertson operated heavy machinery, including an overhead crane and forklift to relocate spools.[6]

While employed as a welder for Corval, Robertson experienced two seizures at work while operating machinery. The first seizure occurred on June 24, 2011, while Robertson was operating a lull forklift. During the seizure, Robertson hit the control board, causing the forklift to reverse into the path of shop traffic. A nearby co-worker intervened to disengage the forklift and prevent potential harm and/or injury. Three days later, on June 27, 2011 Robertson was laid off due to a reduction in force. Corval re-hired Robertson approximately 2 months later on August 29, 2011 when Corval secured additional work. Notably, the plaintiff does not challenge the June 27, 2011 lay-off and does not allege that this lay-off was in violation of the ADA.

On April 30, 2012, Robertson suffered a second seizure at Corval while operating hand tools. He was transported by EMS to a local hospital for treatment. Robertson submitted a general return to work medical release to Corval following his seizure.[7] Subsequently, Corval's safety director asked Robertson to provide a medical release from his physician which cleared him to perform "safety-sensitive welding work."[8] It is undisputed that Robertson never provided Corval with the requested medical release. On May 22, 2012, Corval terminated Robertson's employment. Corval's "Separation Notice" designates "Reduction in Force" as the reason for Robertson's termination.[9]

Robertson alleges that Corval fired him because his infrequent seizures were perceived as a disability in violation of Title I of the Americans with Disabilities Act

---

[5] Rec. Doc. 20-4, pp. 35-36.
[6] Rec. Doc. 20-4, p. 36.
[7] The release stated "Pt. is medically cleared to return to work on 5/7/12." Rec. Doc. 20-4, p. 39.
[8] Rec. Docs. 20-2, 20-3.
[9] Rec. Doc. 22-2.

(ADA).[10] The EEOC issued Robertson a right to sue letter on June 20, 2013. On September 20, 2013, Robertson filed the pending lawsuit asserting a "regarded as disabled" claim under the ADA.[11]

Corval moves for summary judgment asserting that Robertson fails to offer evidentiary support necessary to establish the first element of his *prima facie* ADA claim—that he was regarded as disabled. Corval further contends that the uncontroverted evidence shows that it had a legitimate, non-discriminatory reason for terminating Robertson's employment. Alternatively, Corval pleads that Robertson was a "direct safety threat to Corval and its employees and customers."[12] Robertson counters that he is entitled to redress under the ADA because Corval wrongfully perceived him as having a disability, and that the reasons offered by Corval for his termination were merely pretext. A bench trial is scheduled to begin in this matter on April 20, 2015.

## II.  LAW AND ANALYSIS

### A. Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[14] "A party moving for summary judgment

---

[10] Robertson is adamant that he is not an individual with a disability within the meaning of Title I of the ADA. Instead, he contends that he suffers from infrequent seizures that can be controlled with medication. Rec. Doc. 20-4, p. 16; Rec. Doc. 22, pp. 4 and 6.
[11] Robertson's only claim is that he was terminated because Corval perceived or regarded him as disabled in violation of Title I of the ADA. Rec. Doc. 1, *Complaint*, ¶¶ 30-31, p. 6.
[12] Rec. Doc. 11.
[13] Fed.R.Civ.Proc. 56(a).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the non-movant's case.'"[15] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[16] The non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[17]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[18] The Court must resolve all reasonable factual inferences are drawn in favor of the nonmoving party.[19] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[20] "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without "any significant probative evidence tending to support the complaint."'"[21]

---

[15] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2552)).

[16] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

[17] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).

[18] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[19] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

[20] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

[21] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. 249)(citation omitted)).

Additionally, in cases such as this, where the parties have requested that their case proceed as a bench trial, the Fifth Circuit has explained that "it makes little sense to forbid the judge from drawing inferences from the evidence submitted on summary judgment when that same judge will act as the trier of fact, unless those inferences involve issues of witness credibility or disputed material facts."[22] Additionally, "[i]f a trial on the merits will not enhance the court's ability to draw inferences and conclusions, then a district judge properly should 'draw his inferences without resort to the expense of trial.'"[23]

### B. Material Issues of Fact

The party opposing summary judgment is obliged to set forth specific facts which demonstrate a genuine issue for trial.[24] This Court recently explained, when the non-movant "fails to direct the Court to specific evidence in the record to controvert the supporting evidence set forth by the [movant] … the fact is deemed admitted pursuant to LR 56.2."[25] The Plaintiff's opposition is considerably lacking in the "specific fact" department. In his statement of "Material Facts" Robertson offers "the following material facts as to which there exists a genuine issue to be appropriately resolved at the trial of this matter. . .

> (1) Whether defendant CORVAL terminated Plaintiff because of a reduction in workforce. . .
> (2) Whether defendant CORVAL terminated Plaintiff because Plaintiff did not provide 'proper medical clearance' to return to work [and]
> (3) Whether defendant CORVAL terminated Plaintiff because Plaintiff posed a 'direct threat' to the health or safety of others.

---

[22] *Matter of Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991). See also, *Turner v. Pleasant*, 2013 WL 823426, at *7 (E.D.La. Mar. 6, 2013)(discussing "somewhat greater discretion to consider what weight" the trial court will accord evidence on summary judgment involving a bench trial vice a jury trial).
[23] Id. (quoting *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124).
[24] Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.2.
[25] *Antoon v. Woman's Hospital Foundation d/b/a Woman's Hospital*, 2012 WL 1094715, at *n.2 (M.D.La. May 30, 2012).

This perfunctory statement of the issues does not satisfy the requirement that the non-movant present specific facts. Plaintiff must demonstrate that these issues merit a trial by directing the Court to record evidence which demonstrates facts which are in dispute. Robertson does not offer a single evidentiary challenge to Corval's *Statement of Undisputed Facts*.[26] Due to Robertson's failure to controvert Corval's *Statement of Undisputed Facts*, which is supported by record evidence, each of Corval's facts shall be deemed admitted for the purpose of this motion as provided by Local Rule 56.2.

Without countervailing Corval's *Statement of Undisputed Facts* but in an effort to demonstrate a dispute as to the reason for his termination, Robertson offers his *Separation Notice*[27] and the *Affidavit of Paul Anthony Schexnayder*.[28] Robertson also directs the Court to the factual allegations in his *Complaint* for additional evidentiary support.

Corval challenges Robertson's reliance on the allegations in his *Complaint* as being inappropriate "evidence" for summary judgment purposes. The Court agrees. "In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a motion."[29]

---

[26] Rec. Doc. 22-1.
[27] Rec. Doc. 22-2. (Separation Notice from Lawdan Industries, A Corval Group Company, stating the reason for termination as "Reduction in Force").
[28] Rec. Doc. 22-3.
[29] *Foster v. Coody*, 2010 WL 1752131, at *4 (M.D.La. Mar. 29, 2010)(citing *Celotex Corp.*, 477 U.S. 317 (1986)); See also, *Dragna v. A&Z Transp., Inc.*, 2015 WL 729844, at *2 (M.D.La. Feb. 19, 2015) ("the plaintiff [can]not rest on his allegations to get to a jury without any 'significant probative evidence tending to support the complaint"); *Johnston v. City of Houston, Tex.*, 14 F.3d 1056, 1060 (5th Cir. 1995) (for the party opposing the motion for summary judgment, "only evidence—not argument, not facts in the complaint—will satisfy the burden."), citing *Solo Serve Corp. v. Westown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991).

Corval also challenges the evidentiary sufficiency of the *Schexnayder Affidavit*. Corval contends that paragraphs 10 through 12 of the *Affidavit* lack foundation and are, therefore, inadmissible. "Rule 56(e) requires declarations offered in support of summary judgment to be based on personal knowledge."[30] Rule 602 of the Federal Rules of Evidence further requires a submitting party to lay proper foundation that witnesses have personal knowledge of the matter about which they will testify. "[A] court may strike any affidavit that is not based on personal knowledge."[31] To demonstrate personal knowledge, an affidavit "must include enough factual support to show that the affiant possesses that knowledge."[32]

At paragraph 10, Schexnayder attests that:

Prior to Clarence Robertson's termination from [Corval], my supervisor David Dupuy, sent out work orders to the Local 198 requesting welders.[33]

Corval submits that the attestation lacks foundation because it does not establish that Schexnayder was involved in the process of sending out work orders to the Local 198. After reviewing the *Affidavit*, the Court is in agreement with Corval, and finds that the *Affidavit* lacks any factual support for the affiant's statement regarding his supervisor's activities. Accordingly, the Court will disregard the affiant's statement in Paragraph 10.

Corval's challenges paragraphs 11 and 12 of the *Schexnayder Affidavit* on grounds of vagueness and ambiguity as to the time period associated with the attested

---

[30] *Bright v. Ashcroft*, 259 F.Supp.2d 494, 498 (E.D.La. Feb. 11, 2003)(citing Fed.R.Civ.P. 56(e); *Akin v. Q-L Invs, Inc.*, 959 F.2d 521, 530 (5th Cir. 1992)).
[31] *Bright*, 259 F.Supp.2d at 498 (5th Cir. 2003)(citing *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, at 530 (5th Cir. 1992); *CMS Indus., Inc. v. L.P.S. Int'l, Ltd.*, 643 F.2d 289, 295 (5th Cir. 1981)).
[32] *Thomas v. Atmos Energy Corp.*, 223 Fed.Appx. 369, 374 (5th Cir. 2007).
[33] Rec. Doc. 22-3.

facts.[34] While a more specific time frame is preferable, the statements are not so vague or ambiguous to require exclusion on evidentiary grounds. Nonetheless, it is well established that a vague affidavit, without more, "is insufficient to create a genuine issue of material fact in the face of conflicting probative evidence."[35] Therefore, the Court finds that, while these statements survive evidentiary challenge, these vague and ambiguous statements fail to create a genuine issue of material fact on summary judgment.

Corval's final evidentiary challenge is to Paragraph 13 of the *Affidavit*, wherein Schexnayder attested to the following:

> I was never advised nor apprised by DAVID DUPUY nor MARK HABERMAN (my superiors at LAWDAN INDUSTRIES), or anyone else at LAWDAN INDUSTRIES, that LAWDAN INDUSTRIES was undergoing a workforce reduction at or around the time that CLARENCE ROBERTSON was terminated from his employment at LAWDAN INDUSTRIES.[36]

Corval argues that Schexnayder's attestation contradicts the *Separation Notice*, signed by Schexnayder,[37] and thus must be stricken as a prior inconsistent statement. On a summary judgment motion, the Court may not make credibility determinations.[38] The Court may not disregard Paragraph 13 of the *Affidavit* on the grounds that Schexnayder made a prior statement inconsistent with his attestation, since doing so would require an impermissible credibility determination.

---

[34] Paragraph 11 states: "Within one or two weeks of CLARENCE ROBERTSON'S termination from LAWDAN INDUSTRIES, I took on two (2) or three (3) new welders." Paragraph 12 states: "Within the same one or two weeks, referenced above in paragraph 11, I also moved one of my pipe fitters over to welding." Rec. Doc. 22-3, p. 2.
[35] *Kariuki v. Tarango*, 709 F.3d 495, 505 (5th Cir. 2013).
[36] Rec. Doc. 22-3, p. 2.
[37] Schexnayder signed the *Separation Notice* and indicated that Robertson's lay-off was due to a "Reduction in Force." Rec. Doc. 22-2.
[38] *Man Roland, Inc. v. Kreitz Motor Exp.*, Inc., 438 F.3d 476, 478 (5th Cir. 2006)(citing *Reeves*, 530 U.S. at 150 (2000).

### C. Plaintiff's Prima Facie Case of Disability Discrimination Under the ADA

"In a discriminatory-termination action under the ADA, the employee may either present direct evidence that [he] was discriminated against because of [his] disability or alternatively proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, a Title VII case."[39] The analysis first requires the plaintiff to establish a prima facie case of discrimination.[40] To prove a prima facie case for a violation of the ADA, a plaintiff must show that (1) he is disabled or regarded as disabled within the meaning of the ADA, (2) he is qualified for the job position, and (3) he was subjected to an adverse employment action on account of his disability or perceived disability.[41] Accordingly, a "defendant may satisfy its burden on summary judgment by showing that plaintiff has failed to establish a prima facie case of discrimination."[42] However, if the plaintiff is able to make a prima facie showing, then the burden shifts to the defendant-employer to articulate and support with record evidence, a legitimate, non-discriminatory reason for the adverse employment action.[43] If the employer comes forward with evidence of a non-discriminatory reason for the employment action, then the burden shifts to the plaintiff to produce record evidence from which a reasonable jury could find that the articulated reason was merely pretext for the unlawful discrimination.[44]

---

[39] *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (internal citation omitted).
[40] *Id.*
[41] *Id.* at 697. See also, *Suggs v. Central Oil of Baton Rouge, LLC*, 2014 WL 3037213, at *5 (M.D.La. July 3, 2014).
[42] *Butler v. State, Louisiana Dept. of Public Safety and Corrections*, 2014 WL 6959940, at *8 (M.D.La. Dec. 4, 2014).
[43] *Bell v. Lane*, 2014 WL 4925682, at *6 (M.D.La. Sept. 30, 2014)(citing *McInnis v. Alamo Community College Dist.*, 207 F.3d 276, 279-80 (5th Cir. 2000)(citing *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995)(citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).
[44] *Id.*

1. <u>Regarded as Disabled</u>

The ADA not only makes it unlawful for an employer to discriminate against a qualified employee on the basis of a disability, but it also protects qualified employees from discrimination who are "regarded as" disabled by their employers. Under the ADA as amended in 2008, an individual is regarded as disabled if he has been subjected to an action prohibited under the ADA "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."[45]

Corval contends that Robertson cannot satisfy his burden of showing that Corval perceived him as having an impairment that substantially limited a major life activity. However, "[t]he ADA no longer requires the employer to 'perceive' the impairment as substantially limiting."[46] Corval erroneously relies upon jurisprudence that applies the pre-2008 amendments to the ADA, citing *Sutton v American Airlines*[47] and its progeny. This line of authority was legislatively reversed by the 2008 amendments to the ADA.[48] Under the current law, Robertson does not have to prove that his employer perceived his impairment as substantially limiting. Instead, Robertson may be regarded as disabled if he was subjected to an action prohibited under the ADA because of an "actual or perceived" impairment, regardless of whether the impairment is, or is perceived to be, substantially limiting. Following the 2008 amendments, "employers

---

[45] 41 U.S.C. § 12102(3)(A).
[46] *Suggs v. Central Oil of Baton Rouge, LLC*, 2014 WL 3037213, at *5 (M.D.La. July 3, 2014); *Kennedy v. Parkview Baptist School, Inc.*, 2014 WL 7366256, at *6 (M.D.La. Dec. 24, 2014).
[47] 527 U.S. 471, 119 S.Ct. 2139 (1999).
[48] "The ADAAA is principally aimed at reversing Supreme Court precedent perceived as improperly narrowing the scope of protection originally intended by the drafters of the ADA." *Bleiweis v Panduit Sales Corp.* 2015 WL 163819 (USDC SD Tx, 2015), 2015 WL 163819, at *7, (S.D. Tx. Jan. 13, 2015), citing Louis P. DiLorenzo, *The Intersection of the FMLA and ADA-As Modified by the NDAA, ADAAA and GINA*, 860 PLI/Lit 47, 8384 (June 23, 2011).

[may] defend against a claim of regarded as coverage by proving the perceived impairment actually is 'both transitory and minor'."[49] Corval fails to challenge Robertson's allegation that he was regarded as disabled with argument or evidence that Robertson's allegedly perceived impairment was "transitory and minor". Hence, the only question is whether the record evidence could reasonably support a jury's conclusion that Corval regarded Robertson as disabled.

It is undisputed that Corval terminated Robertson shortly after Robertson suffered a second seizure at work and after Corval's safety director asked him for a specific medical release that addressed his ability to perform the duties and tasks of a welder. The temporal proximity of Robertson's termination to his second seizure followed by Corval's request for a specific medical release that addressed his ability to function as a welder is probative evidence from which a reasonable jury could draw the conclusion that Corval regarded Robertson as disabled.

### 2. Qualified Individual

In addition to showing he was regarded as disabled, Robertson must also establish that he was qualified to perform the functions of a welder at Corval.[50] "The ADA protects *qualified individuals* with disabilities [or individuals regarded as disabled] from discrimination."[51] The Act defines a "Qualified Individual" as

> an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing

---

[49] *Suggs*, 2014 WL 3037213, at *5; *Kennedy v. Parkview Baptist School, Inc.*, 2014 WL 7366256, at *6 (M.D.La. Dec. 24, 2014).
[50] 42 USC §12111(8); *Butler v. State, Louisiana Dept. of Public Safety and Corrections*, 2014 WL 6959940, at *8 (M.D.La. Dec. 4, 2014).
[51] *Picard v. St Tammany Parish Hospital*, 423 Fed. Appx. 467, 469 (5th Cir. 2011).

applicants for the job, this description shall be considered evidence of the essential functions of the job.[52]

"The term "qualified," with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position the individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of the position."[53] Corval does not challenge Robertson's qualifications as a welder and the record contains prima facie evidence that Robertson possessed the "requisite skill, experience, education" to perform the functions of the job.

### 3. Adverse Employment Action

It is undisputed that Robertson was terminated by Corval. Hence the third element is satisfied. The Court finds that there is prima facie evidence in the record from which a reasonable jury could find disability discrimination under the ADA.

### D. The Employers Burden to Showing Legitimate Non-Discriminatory Reason for Termination

Corval offers two nondiscriminatory reasons for terminating Robertson. Corval contends that Robertson's termination was a reduction in force due to lack of work and that Robertson posed a direct threat to safety.

### 1. Reduction in Force

In Robertson's *Separation Letter*, it plainly states that Robertson was dismissed because Corval lacked work, or due to "Reduction in Force".[54] The summary judgment evidence offered by Corval indicates that at the time Robertson was terminated, Corval

---

[52] 42 U.S.C. § 12111 (8).
[53] 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m); *Shirley v. Precision Castparts Corp.,* 726 F.3d 675, 678 (5th Cir.2013); *Kennedy,* 2014 WL 7366256, at *6.
[54] Rec. Doc. 22-2.

lacked worked and therefore, reduced its workforce accordingly.[55] In fact, four other welders who were working on the same project as Robertson were also laid off shortly before and after Robertson.[56] The Court concludes that from this uncontroverted evidence, a reasonable juror could conclude that Corval had a legitimate business reason for terminating Robertson.

2. Direct Threat

Under the ADA, an employer is relieved of liability for an adverse employment action that would otherwise violate the Act, by showing the employee posed a direct threat to the health or safety of others.[57] "Under the direct threat defense, an otherwise qualified employee—someone capable of performing the job's essential functions—becomes effectively unqualified by his inability to *safely* perform the essential functions of the job."[58] Direct threat is a defense to liability under the ADA. In this Court's view, evidence that an otherwise qualified employee with a disability poses a direct threat to health and safety is likewise evidence of a legitimate, nondiscriminatory reason for termination.

It is undisputed that Robertson's job as a welder for Corval required him to operate heavy machinery, dangerous power tools and welding equipment.[59] It is also undisputed that accident and possible injury as a result of Robertson's first seizure on

---

[55] Defendant's challenge to paragraph 10 of Paul Schexnayder's Affidavit was sustained. The only other challenge to Corval's summary judgment evidence of reduction in force is Schexnayder's affidavit paragraphs 11 and 12, note 34 supra, which the Court will analyze as evidence of pretext.
[56] Rec. Doc. 20-2, p. 5. The four other welders were laid off on May 10, May 11, May 22, and May 25.
[57] 42 U.S.C. § 12113(a)-(b); *Butler v. Louisiana Dep't of Pub. Safety & Corr.,* 2013 WL 2407567 (M.D. La. 2013). The Act defines "direct threat," as a "significant risk to the health or safety of others that cannot be eliminated by a reasonable accommodation."42 U.S.C. § 12111(3).
[58] *Butler v. Louisiana Dep't of Pub. Safety & Corr.,Id.* citing, *Sch. Bd. of Nassau County v. Arline,* 480 U.S. 273, 276, 284, 287 (1987) and *EEOC v. Exxon,* 203 F.3d 871, 874 (5th Cir. 2000).
[59] Rec. Doc. 20-3, 20-4. Robertson routinely operated overhead cranes, high RPM rotating power grinders, and welding torches which reached temperatures of 800 – 850 degrees.

June 24, 2011 was averted due to the intervention of a co-employee. It is further undisputed that Robertson's second work place seizure on April 30, 2012 occurred while he was operating hand tools. Robertson testified that he was concerned about getting hurt on the job because of a seizure.[60] Robertson admittedly never complied with Corval's request for a medical release which addressed his ability to perform safety-sensitive welding work.[61] Due to the inherently dangerous nature of the job,[62] and Robertson's failure to comply with providing the requested medical release, a reasonable juror could conclude that Corval had a legitimate business reason for terminating Robertson. Accordingly, the Court finds that Corval has offered two legitimate employment reasons for terminating Robertson. Therefore, the burden shifts to Robertson to demonstrate that these reasons are merely pretext.

### E. Employee's Burden to Show that the Reasons for Termination are Pretext

Robertson has the burden of proving by a preponderance of the evidence that Corval's proffered reasons for his termination are only pretext for its true discriminatory reasons. For the following reasons, the Court finds that Robertson is unable to do so. Corval has come forward with evidence of two legitimate non-discriminatory reasons for

---

[60] Rec. Doc. 20-4.
[61] The medical release Robertson provided to Corval stated: "Pt. is medically cleared to return to work on 5/7/12." Rec. Doc. 20-4, p. 39. In his deposition, Robertson answered in the negative to the following questions: "Did you ever go back to your doctor and say, 'Can I get a more detailed note, clearing me for work?" and "Did you ever talk to your doctor about what your specific job duties were as far as like which kind of equipment you had to work with and those sorts of things?" Rec. Doc. 20-4, p. 15. It is undisputed that Corval informed Robertson that the general return to work release form was inadequate because it did not provide assurance that he was cleared to operate the inherently dangerous equipment and tools required of his job as a welder.
[62] Robertson admitted "that, during [his] employment with Corval, the essential functions of [his] job included preparing welds that required handling power grinders, cutting torches, and miscellaneous hand tools." Rec. Doc. 20-4, p. 35, Request for Admission No. 2.

Robertson's termination. Robertson fails to countervail Corval's direct threat evidence with evidence of pre-text.

In support of its contention that Robertson was terminated owing to reduction in force, Corval offered evidence that four other similarly situated welders were also terminated in close proximity to Robertson's separation from Corval.[63] Robertson offers countervailing evidence that Paul Schexnayder called welders to work within 1 to 2 weeks of Robertson's termination.[64] Although the attestations are somewhat the vague, viewed in a light most favorable to the non-movant, the Court finds that plaintiff has offered enough to raise a question of fact as to whether Corval's reduction in force was pretextual.

As for Corval's requirement that Robertson submit an additional medical work release from his physician clearing him to operate inherently dangerous tools and equipment required for his welding position, Robertson simply offers unsubstantiated argument thereby failing to create a genuine issue of material fact. Specifically, Robertson argues that he submitted the same release to Corval following both seizures, and therefore, Corval's argument that the work release he submitted following the April 2012 seizure was inadequate is simply pretext.[65] The record, however, is completely devoid of any evidence regarding the medical release Robertson provided to Corval

---

[63] A vague affidavit is "insufficient to create a genuine issue of material fact in the face of conflicting probative evidence." *Kariuki v. Tarango*, 709 F.3d 495, 505 (5th Cir. 2013).
[64] Rec. Doc. 22-3.
[65] Plaintiff makes the following arguments in his Memorandum in Opposition to Corval's Motion for Summary Judgment: "Moreover, after CLARENCE suffered his first seizure in June of 2011, he (CLARENCE) provided, and CORVAL accepted, the same type of *medical clearance to return to work* that CORVAL rejected as being improper in May of 2012", and, "[t]he release that Plaintiff submitted was the same type of release that Plaintiff submitted to Corval upon returning to work after his first seizure in June of 2011." Rec. Doc. 22, pp. 3 and 8. Plaintiff offers no evidentiary support to accompany his arguments. The evidence simply shows that Robertson had to get clearance from his physician to return to work following his first seizure. Rec. Doc. 20-4, p. 12.

after his first seizure. As discussed herein, it is well-established that such an unsubstantiated argument and conclusory allegation without more cannot defeat a summary judgment motion.[66] Accordingly, the Court finds that Robertson has failed to come forward with countervailing evidence which demonstrates a material issue of fact from which a reasonable juror could conclude that Corval's termination due to direct threat was a mere pretext. Accordingly summary judgment is granted and Robertson's ADA claim shall be dismissed.

### III. CONCLUSION

Accordingly, the *Motion for Summary Judgment* filed by Defendant, Corval Constructors, Inc., is hereby GRANTED dismissing Plaintiff Clarence Robertson's claim under Title I of the Americans with Disabilities Act (ADA) with prejudice.[67]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>April 14, 2015</u>.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[66] "Needless to say, unsubstantiated assertions are not competent summary judgment evidence." *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 127, 139 (5th Cir. 1996).
[67] Rec. Doc. 20.